### Richmond

## VIRGINIAN RAILWAY COMPANY V. ECHOLS.

### January 12, 1915.

#### Absent, Keith, P.

1. INJUNCTIONS—*Affidavits to Support—Depositions Generally Necessary.*—It is sometimes necessary, from force of circumstances, for preliminary applications for injunctions and for motions to *dissolve injunctions, which are made before the final hearing, to be heard upon affidavits only, but the general rule is that, where a case made on a bill for an injunction is heard upon the merits, the hearing should be had on depositions regularly taken. It is error for the issues in an injunction suit to be heard and determined upon affidavits only and a perpetual injunction granted thereon.

2. INJUNCTIONS—*Mandatory—Preliminary Hearing—Case in Judgment—Proper Procedure.*—A mandatory injunction will not be granted upon a preliminary hearing except in cases of strong and imperious necessity, where the right to the injunction is clear. In the case in judgment, the court should have had others whose interests were to be affected made parties defendant, the cause should have been matured upon proper pleadings, and the complainant required to support the allegations of her bill by depositions taken in the usual way, after notice, and when the whole case was fully developed, then proper decrees should have been entered.

Appeal from a decree of the Circuit Court of Montgomery county. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Hall, Woods & Coxe, Hunter J. Phlegar* and *G. A. Wingfield,* for the appellant.

*Harless & Colhoun,* for the appellee.

HARRISON, J., delivered the opinion of the court.

In accordance with the prayer of the original and amended bills in this cause, upon a preliminary hearing the court granted an injunction inhibiting the defendant railway company from maintaining in an old channel of Roanoke river water alleged to be stagnant and injurious to the health of the plaintiff and the community generally, and commanded the defendant to abate the same as a nuisance. This action of the lower court is the subject of review upon this appeal.

In the year 1906, the defendant company constructed its line of railroad through Montgomery county, and through a portion of the lands of the complainant lying on Roanoke river in said county. At or about this point there was a bend in the river forming a semi-circle. In order to avoid a curvature and the necessity of building two bridges, the defendant company changed the channel of the river so as to make its course on the south side of the railroad. To accomplish this purpose, apparently desirable for all the parties concerned, the defendant acquired from the three land owners affected by the change, one of whom was the complainant, the right of way involving the change mentioned in the course of the stream, which was made at a heavy cost. In December, 1913, seven years after this change in the course of the river was made, the complainant brought this suit alleging that stagnant water had been allowed to accumulate in the original bed of the river, causing malaria and thereby affecting injuriously her own health and that of the community generally.

An answer was filed by the defendant company denying all of the material allegations of the bill. The decrees complained of dispose of the case on its merits and award a

mandatory injunction requiring the defendant to abate the conditions complained of, which, it appears, cannot be done without an expenditure of at least $22,000 nor without affecting injuriously the other two adjoining land owners who are not complaining, and are not parties to this suit.

We are of opinion that the decrees complained of were without warrant in the then state of the record. Over the objection of the defendant, the court, in vacation, upon the preliminary application for an injunction, entered the decrees complained of, the allegations of the bill being supported alone by affidavits. The general rule is that where a case made on a bill for an injunction is heard upon its merits, the hearing should be had upon depositions regularly taken. It is error for the issues in an injunction suit to be heard and determined upon affidavits only, and a perpetual injunction granted thereto. Barton's Chy. Pr., Vol. 1, sec. 137, p. 493; High o Injunctions, Vol. 2, sec. 1576.

It is sometimes necessary, from force of circumstances, for preliminary applications for injunctions and for motions to dissolve injunctions, which are made before the final hearing, to be heard upon affidavits only; the court having power in such cases to correct any injustice that may be done, when the case is fully developed and the final hearing takes place.

A mandatory injunction will not be granted upon a preliminary hearing except in cases of strong and imperious necessity, where the right to the injunction is clear. *Carpenter* v. *Gold*, 88 Va. 551-3, 14 S. E. 329.

In the present case no sufficient cause was shown for granting the mandatory injunction and otherwise disposing of the case on its merits upon affidavit alone. In the state of the record at the preliminary hearing, the proper procedure was to require the complainant to make the adjoining land owners, who were to be affected by the decree asked for, parties defendant; the cause matured upon

proper pleadings, and the complainant required to support the allegations of her bill by such evidence as she had to offer, taken in the usual way, upon notice, in the form of depositions; and when the whole case was thus fully developed to enter such decree as the court thought proper in the premises.

The decrees complained of must be reversed and set aside and the cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*