# Wytheville.

## BEN WOOD v. CITY OF RICHMOND.

### June 16, 1927.

1. MUNICIPAL CORPORATIONS—*Zoning—Validity of Reasonable Ordinance.*— Where reasonable, zoning ordinances have been universally sustained.

2. ORDINANCES—*Reasonableness of Ordinance—Interference by Courts—Construction in Favor of Validity of Ordinance.*—The rule is generally recognized that municipal corporations are *prima facie* sole judges respecting the necessity and reasonableness of their ordinances. Every intendment is made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases, to interfere with the exercise of the powers vested in municipalities for the promotion of the public safety.

3. ORDINANCES—*Promotion of General Welfare of Inhabitants of Cities—Denial of Right of Injunction to Courts and Judges—Violation of Authority and Irreparable Damage.*—Under statutes denying courts and judges the power to award an injunction to stay any proceeding under an ordinance looking to the attainment of the safety, health, peace, good order and morals of the community, to justify the interposition of a court of equity, there must be a concurrence of the two elements of violated authority by the municipality and irreparable damage to the complainant.

4. MUNICIPAL CORPORATIONS—*Filling Stations—Removal of Filling Station Driveway by City—Charter of the City of Richmond—Case at Bar.*—Acts of 1924, chapter 78, amending and reenacting section 19 of the charter of the city of Richmond and section 19g of the charter of the city of Richmond, confer authority upon the city to order the removal of a filling station driveway as being in violation of the zoning ordinance of the city, notwithstanding that a permit had been issued by the city for the construction of the driveway, where it appeared that the permit was issued without due consideration of the vehicular and pedestrian traffic on the street at and near the position of the driveway and that the continued use of the driveway would constitute a serious menace to the safety of the traveling public.

5. STREETS AND HIGHWAYS—*Rights of Abutters—Rights Subordinate to Right of Municipality to Control the use of its Streets.*—An abutter has an easement in the public road which amounts to a property right, but the exercise of this right is subordinate to the right of the municipality, derived by legislative authority, to so control the use of the streets as to promote the safety, comfort, health and general welfare of the public.

6. INJUNCTION—*Motion to Dissolve Temporary Injunction—Affidavits—Case at Bar.*—In support of a motion to dissolve a temporary injunction against a city enjoining it from removing a filling station driveway, an affidavit of the director of public works showing that the permit to defendant to construct the driveway was issued without due consideration of the great extent of the traffic was properly admitted for the consideration of the court.

7. INJUNCTION—*Application—Motion to Dissolve—Hearing on Affidavit Only.*—It is sometimes necessary, from force of circumstances, for preliminary applications for injunctions and for motions to dissolve injunctions, which are made before the final hearing, to be heard upon affidavits only.

8. MUNICIPAL CORPORATIONS—*Filling Stations—Order for Removal of Filling Station Driveway—Zoning Ordinance—Conflict with State and Federal Constitutions.*—Under authority conferred by its charter, section 19 as reenacted by Acts of 1924, chapter 78, and section 19g, the city of Richmond ordered the removal of a filling station driveway, permit for which had been improvidently granted.

*Held:* That the regulation of the city was not an unreasonable exercise of the police power and therefore was not in contravention of either the State or Federal Constitution.

Appeal from a decree of the Circuit Court of the city of Richmond. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*David Meade White* and *T. Gray Haddon,* for the appellant.

*James E. Cannon* and *L. F. Cary,* for the appellee.

CAMPBELL, J., delivered the opinion of the court.

The bill in this cause sets forth that the appellant is the owner of a lot in the city of Richmond, situated at the southeast corner of Thirty-fourth and Leigh streets, with a frontage of 200 feet on the south line of Leigh street, and seventy-five feet on the east line of Thirty-fourth street; that upon this lot, at great expense, appellant has erected a gasoline filling station; that this filling station fronts on Leigh street; that a permit was issued by the director of public works, on June 22, 1925, authorizing appellant to construct two driveways into his lot, one across the sidewalk on Thirty-fourth street and one driveway across the sidewalk on Leigh street; that, pursuant to such authorization, he constructed said driveways; that, on August 13, 1925, he was directed by the assistant director of public works to remove the Thirty-fourth street driveway, because this entrance was in violation of the zoning ordinance of the city; and that, upon failure to remove the driveway, the same would be removed by the city.

The averments of the bill are, that the driveway across the sidewalk on Thirty-fourth street is not in violation of the zoning ordinance; that the zoning ordinance contravenes sections 1, 11 and 58 of the Constitution of Virginia, and Article 14, section 1, of the Constitution of the United States, and, therefore, is null and void.

The prayer of the bill is that the city of Richmond, its agents and servants, be enjoined and restrained from tearing up and destroying the Thirty-fourth street entrance to the property of the complainant. In accordance with the prayer of the bill, the Honorable William A. Moncure, judge of the Chancery Court of the city of Richmond, upon an *ex parte* hearing on the 16th day of December, 1925, awarded an injunction restraining

appellee from tearing up the Thirty-fourth street drive-way.

Appellee filed a written demurrer to the bill, assigning ten grounds of demurrer, and, in addition, notified appellant that, on the 17th day of December, 1925, it would move the Circuit Court of the city of Richmond to dissolve the injunction. This motion to dissolve was supported by the affidavit of the appellee's director of public works, in which the said director stated that the permit to appellant to install a driveway across Thirty-fourth street was issued without due consideration of the extent of vehicular and pedestrian traffic on Thirty-fourth street at and near the position of said driveway; that such traffic is of a relatively large volume; and that, in his judgment, the continued use of said driveway would constitute a serious menace to the safety of the traveling public. On the 6th day of January, 1926, the Circuit Court of the city of Richmond, hearing the cause upon the bill, the demurrer, the joinder therein, the motion to dissolve, and the several affidavits filed in support of and in opposition to said motion, sustained the demurrer and the motion to dissolve, dissolved the injunction and dismissed the bill. This action of the lower court is assigned as error.

Appellant does not deny the power of the city in the exercise of its police power to enact a just and reasonable ordinance regulating and controlling, generally, traffic over its streets. His main contention is that, as an abutter, he has the right of access to his lot from Thirty-fourth street, as well as from Leigh street, and that such right is absolute and inherent.

[1] Zoning and other regulatory ordinances have, in recent years, become a prolific source of litigation. Where reasonable, such ordinances have been universally sustained. *Village of Euclid* v. *Amber Realty*

*Co.* (October term, 1926), 47 S. Ct. 114, 71 L. Ed. 175; *Gorieb* v. *Fox*, 145 Va. 554, 134 S. E. 914, and authorities cited.

Appellee concedes the correctness of the contention that abutting lot owners own the fee in the streets and other public highways, subject to the easement of the public for purposes of travel but insists that a reasonable right of access is all that an abutter can legally claim, and that such right is subject to reasonable regulation in the exercise of the police power, or charter powers of a municipality, for the safety, convenience and welfare of the traveling public.

This contention is variously set forth in the ten grounds of demurrer filed by appellee and in the motion to dissolve the temporary injunction. Many of the grounds of the demurrer and the motion to dismiss are interdependent, and can be disposed of by a consideration of the following: (a) the right of the court to grant an injunction in view of the provisions of sections 19 and 19g of the city charter; (b) the right of a court of equity by injunction to control the exercise of discretionary powers vested by the legislature in municipalities, such as the right to exercise general control over the travel and traffic on the streets of a municipality; and (c) the exercise of the police power reserved by the State.

(a) In the year 1924 (Laws 1924, chapter 78), the General Assembly passed an act to amend and reenact section 19 of the charter of the city of Richmond. This amendment, amongst other things, vests the council with the general authority to enact suitable ordinances to secure and promote the general welfare of the inhabitants of the city, by them deemed proper, for the safety, health, peace, good order and morals of the community; and denies to courts and judges the

power to award an injunction to stay any proceedings looking to the attainment of these objects, or any of them, unless it be manifest that the authority conferred by the charter is being transcended and that the interposition of a court of equity is necessary to prevent injury which cannot be compensated in damages.

Section 19g of the charter clothes the council with full and complete jurisdiction over the streets of the city and authorizes the council to prevent or remove any structure, obstruction or encroachment over, or under, or in, any street or alley, or any sidewalk thereof, and contains a provision similar to that contained in section 19, denying to courts and judges the power to award injunctions, except in the two instances mentioned.

[2] In *Elsner Bros.* v. *Hawkins*, 113 Va. 50, 73 S. E. 480, Ann. Cas. 1913D, 1278, it is said: "The rule is generally recognized that municipal corporations are *prima facie* sole judges respecting the necessity and reasonableness of their ordinances. Every intendment is made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases, to interfere with the exercise of the powers vested in municipalities for the promotion of the public safety."

[3] In *James River and Kanawha Company* v. *Anderson*, 12 Leigh (39 Va.) 278, this court, construing language identical with that contained in sections 19 and 19g, inhibiting courts and judges from awarding injunctions, held that to justify the interposition of a court of equity, there must be a concurrence of the two elements of violated authority and irreparable damage. This decision was approved in *Supervisors* v.

*Gorrell,* 20 Gratt. (61 Va.) 514, in an opinion delivered by Moncure, J.   See also *N. & W. Ry. Co. v. Smoot,* 81 Va. 495.

[4] The inquiry, then, is, has the appellee, in prohibiting appellant to use the driveway across Thirty-fourth street, transcended its authority?  That appellee had authority, under its charter, to regulate driveways across a paved sidewalk, is recognized by appellant.

Before constructing the driveway in question, appellant first obtained consent from the director of public works.   The permit granted expressly reserved to the appellee the right to revoke the same at any time.

Appellant argues that the right to revoke the permit extends only to the point where an abutter is making an unreasonable use of the street or sidewalk.   What constitutes a reasonable use of property is not easily defined.

In *McCormack v. South Park,* 150 Ill. 516, 37 N. E. 1075, it is said:   "In the absence of legislative direction or municipal declaration of what such rights should be, what is to be deemed a reasonable and proper use will depend, in a large degree, upon the public usage in like instances, and upon the local situation.   General use by lot owners, and acquiescence therein by the public and public authorities, may also be resorted to as evidence of what is a reasonable and proper use, and of the existence of the right.   2 Dill. Mun. Corp., 521, 553, 585, 794; *Van O'Linda v. Lothrop,* 21 Pick. [Mass.] 292, 32 Am. Dec. 261; *Commonwealth v. Blaisdell,* 107 Mass. 234; *Nelson v. Godfrey,* 12 Ill. 22."

In 29 C. J. 547, the rights of an abutting owner are stated thus:   "An abutting land owner on a public highway has a special right of easement and use in the public road for access purposes, and this is a property

right which cannot be damaged or taken from him without due compensation  *  *  *."

[5] While conceding the correctness of the proposition that an abutter has an easement in the public road which amounts to a property right, we are of the opinion that the exercise of this right is subordinate to the right of the municipality, derived by legislative authority, to so control the use of the streets as to promote the safety, comfort, health and general welfare of the public.

In *Bowman* v. *State Entomologist,* 128 Va. 362, 105 S. E. 145, 12 A. L. R. 1121, it is said:  "*  * every property owner  *  * is bound  *  * to so use and enjoy his own as not to interfere with the general welfare of the community in which he lives. It is the enforcement of this  *  * duty which pertains to the police power of the State, so far as the exercise of that power affects private property. Whatever restraints the legislature imposes upon the use and enjoyment of property within the reason and principle of this duty, the owner must submit to, and for any inconvenience or loss which he sustains thereby he is without remedy. It is a regulation and not a taking, an exercise of police power, and not of eminent domain."

[6] In support of its motion to dissolve the temporary injunction, appellee filed the affidavit of the director of public works, showing that the permit to appellant to construct the driveway across Thirty-fourth street was issued without due consideration of the great extent of vehicular and pedestrian traffic on this street at or near the driveway; that the continued use of the driveway will constitute a serious menace to the safety of the traveling public.

It also appears from the record that the Rapid Transit Corporation has been granted a motor bus

franchise and that one of the bus stops is fixed on Thirty-fourth street at the place where the driveway is located.

Objection is made to the use of affidavits in support of the motion to dissolve. There is no merit in the objection.

[7] In *Virginian R. Co.* v. *Echols*, 117 Va. 182, 83 S. E. 1082, it is said: "It is sometimes necessary, from force of circumstances, for preliminary applications for injunctions and for motions to dissolve injunctions which are made before the final hearing, to be heard upon affidavits only; the court having power in such cases to correct any injustice that may be done, when the case is fully developed and the final hearing takes place."

It must, therefore, follow that appellee is not transcending its authority in closing the driveway across Thirty-fourth street, and the action of the chancellor in dissolving the temporary injunction and dismissing the bill is without error.

[8] While it is unnecessary to enter upon a discussion of the exercise of the police power by the appellee, we are firmly of the opinion that the regulation of the city is not an unreasonable exercise of the police power, and, therefore, is not in contravention of either the State or Federal Constitution.

The decree of the lower court, sustaining the motion to dissolve the temporary injunction and the demurrer to the bill of complaint, is plainly right and will be affirmed.

*Affirmed.*