# Richmond

STATE HIGHWAY COMMISSIONER OF VIRGINIA v. W. M. HOWARD.

April 23, 1973.

Record No. 8078.

Present, All the Justices.

*Andrew P. Miller*, Attorney General; *Thomas W. Blue*, Assistant Attorney General; *W. D. Reams, Jr.*, on brief, for appellant.

Case submitted on brief filed on behalf of appellant, there being no brief filed on behalf of appellee.

Per Curiam.

The State Highway Commissioner contends on this appeal that the trial court erred in this condemnation proceeding by admitting evidence of circuity of access as a compensable element of damages, and orally instructing the commissioners that they should consider such evidence in arriving at an award for damages to the residue. The amount of the award for the property taken is not an issue on this appeal.

The Highway Commissioner took 0.44 acres of W. M. Howard's land, which abutted on Routes 522 and 3, a two-lane highway occupying the same roadbed, for the construction, alteration and maintenance of intersecting highway Route 29. As a result of the construction, Routes 522 and 3 became a four-lane highway in front of Howard's property, with two southbound and two northbound lanes divided by a median strip. There is no opening in the median strip at the entrance to Howard's property, and if he desires to travel north from his property it is necessary to travel south for a short distance before he can cross over and head in the desired direction. Similarly, in order to gain access to his property from the northbound lane, he has to proceed past his entrance for a short distance then cross over to the southbound lane.

The installation of the median strip separating northbound traffic from southbound traffic was and is a valid traffic regulation adopted by the Highway Commissioner in the exercise of the police power of the State vested in him by statute. See *Davis* v. *Marr*, 200 Va. 479, 485, 106 S.E.2d 722, 726 (1959).

The authorities universally support the principle that an abutting landowner cannot recover damages for interference with his right of access by the installation of a median strip on a four-lane highway because the abutter has no property right in the continuance or maintenance of the flow of traffic past his property. Circuity of route imposed upon the abutter, resulting from the exercise of a police power in the regulation of traffic, is an incidental result of a lawful act. It is not the taking or damaging of a property right. Although the abutting landowner may be inconvenienced by the presence of a median strip, he has no remedy if such dividing strip is reasonably adapted to benefit the traveling public. Moreover, the burden is on him who assails the action of the Highway Commission in installing a median strip to show that the Commission acted unreasonably, fraudulently, or capriciously. *Turner* v. *State Roads Commission*, 213 Md. 428, 132 A.2d 455 (1957); *Brady* v. *Smith*, 139 W.Va. 259, 79 S.E.2d 851 (1954); *Barnes* v. *North Carolina State Highway Commission*, 257 N.C. 507, 126 S.E.2d 732 (1962). See also Annot., "Abutter's Access—Traffic Regulation" 73 A.L.R.2d 689 (1960), and "Highways, Streets and Bridges," 39 Am.Jur.2d, § 179, at 555, 556, and the numerous cases therein cited.

Hence it was error to allow evidence of circuity of access to Howard's property as a compensable element of damages and to instruct.

the commissioners that they should consider such evidence in arriving at an award for damages to the residue.

For the reasons stated, the award for the property taken is affirmed, but the award for damages to the residue is reversed and the case remanded for further proceedings on the issue of damages to the residue beyond enhancement, if any.

*Affirmed in part,*
*reversed in part,*
*and remanded.*