The COUNTY OF PATRICK, VIRGINIA, et al., Plaintiffs,

v.

The UNITED STATES of America et al., Defendants.

Civ. A. No. 77–0011(D).

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 18, 1978.

Robert W. Mann, Young, Kiser, Haskins, Mann & Gregory, Martinsville, Va., for plaintiffs.

Asst. U. S. Attys. Morgan E. Scott, Jr. and E. Montgomery Tucker, Roanoke, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

This is an action to quiet title pursuant to Title 28 U.S.C. § 2409a brought as a result of the alleged wrongful interference by the United States, through the Department of the Interior, with the plaintiff easement holders' use and enjoyment of an appurtenant easement. Plaintiffs are either owners of the dominant tract or are parties interested in the rights of those owners, and the United States, owner of the servient tract, and various officials of the Department of the Interior are defendants. W. R. Quesinberry, a predecessor in title to the owners of the dominant tract, on June 15, 1937,—

> conveyed to the Commonwealth of Virginia, for Parkway right-of-way, a strip or parcel of land containing 15.21 acres together with all right, title and interest of the said grantor or his assigns to construct or use any access road, drive or way on or over the tract or parcel of land therein conveyed except one (1) such access road, drive or way not exceeding ten (10) feet in width from adjoining land on the south (left) side to Route 608, intersecting the Blue Ridge Parkway motor road at or near Station 1275 + 00.

On May 10, 1938, the property acquired from W. R. Quesinberry was conveyed by the Commonwealth of Virginia to the Department of the Interior with a reservation to the adjoining landowner, W. R. Quesinberry, and his successors in interest and grantees, of a ten-foot wide crossing at grade, approximately 450 feet long, from the adjoining land on the south side to Route C–608, which was to be located at or near survey station 1275 + 00 on the "[l]and . . . [c]onveyed." [1]

The servient tract, conveyed to the Commonwealth of Virginia, and later to the United States, abuts the larger dominant tract, retained by the grantor, on its north side, and the segment of State Route 608 to which the reserved way extends passes

---

1. The Commonwealth's deed to the United States included various tracts obtained by the Commonwealth from diverse grantors and contained numerous different reservations for egress and ingress.

through the servient tract on its north side. The later constructed Parkway motor road is south of and parallel to Route 608 through the servient tract, is approximately equidistant from the servient tract's northern and southern boundaries, and is perpendicular to plaintiffs' easement.

In 1973, the defendants constructed an entranceway from the dominant tract to the Parkway, approximately 50 feet from plaintiffs' easement and, later, constructed an underpass where plaintiffs' roadway traverses the Parkway motor road, thereby eliminating access from plaintiffs' easement to the Parkway but preserving plaintiffs' access to Route 608. On December 20, 1976, the defendants posted notice of their intention to close permanently on December 31, 1977, the entranceway that they established in 1973. On February 1, 1977, the plaintiffs commenced this action in the District Court asserting that the defendants' conduct in eliminating the "crossing at grade" from their easement and defendants' plans to permanently close the entranceway constructed in 1973 constituted a taking of property without due process of law. Plaintiffs maintain that by virtue of their easement they are entitled to access to the Blue Ridge Parkway motor road and that with the elimination of this access their property values will be greatly reduced. Defendants maintain, however, that plaintiffs' roadway was reserved for the express purpose of retaining access from the dominant tract to Route 608 and that their access has not been interfered with.

It is a well established principle that the extent and nature of an express easement by reservation must be ascertained from the words of the deed, and extrinsic evidence is inadmissible unless the writing is ambiguous or uncertain:

> Where an easement has been granted or reserved by deed, the ordinary rule which governs in the construction of other writings prevails, namely, that the rights of the parties must be ascertained from the words of the deed, and the extent of the easement cannot be determined from any other source. But, where its language is

ambiguous, the court in order to ascertain the intentions of the parties looks to the language employed in light of the circumstances surrounding the parties and the land at the time the deed was executed. *Cushman Virginia Corp. v. Barnes,* 204 Va. 245, 251, 129 S.E.2d 633, 639 (1963); *Hamlin v. Pandapas,* 197 Va. 659, 663–664, 90 S.E.2d 829, 833 (1956); *Rhoton v. Rollins,* 186 Va. 352, 360, 42 S.E.2d 323, 327 (1947); *Stephen Putney Shoe Co. v. Richmond, F. & P. R. Co.,* 116 Va. 211, 217, 81 S.E. 93 (1914).

Plaintiffs contend that the deed whereby the Commonwealth conveyed the servient tract to the United States reserving to plaintiffs a crossing at grade to Route 608 is unambiguous and, therefore, precludes the admission of extrinsic evidence to establish the intention of the parties. Plaintiffs maintain that the unambiguous language of the reservation in the 1938 deed grants them access to the Parkway motor road. They assert that they are entitled to use the Parkway motor road by virtue of the principle that "[w]here an easement is granted (or reserved) it may be used for any purpose to which the property for whose benefit the easement exists may then, or in the future, reasonably be devoted, unless the grant or reservation specifically limits the use . . . ." *United States v. Parkway Towers, Inc.,* 282 F.Supp. 341, 343 (E.D.Va. 1968); *Cushman Virginia Corp. v. Barnes,* 204 Va. 245, 251, 129 S.E.2d 633, 639 (1963).

█ The Court has determined that although its language is clear, the deed granted to plaintiffs no rights of access to the Parkway motor road by virtue of their right to cross the "[l]and . . . [c]onveyed" in reaching Route 608. The deed nowhere provides for access to the Parkway motor road, and certainly, it cannot be implied from the grant. Had the parties intended for the owners of the dominant tract to have had access to that road they could have said so. While it is true that unless specifically limited by the reservation the easement can be used for any purpose to which the dominant tract may reasonably be dedicated it does not follow that this use includes the right to use the Parkway motor

road.[2] Such a reading would give plaintiffs nothing less than an easement in defendants' Parkway when it is clear that plaintiffs' easement is a ten-foot wide, 450-foot long, crossing at grade from the dominant tract to Route C–608.[3] Plaintiffs, however, would have this Court expand the principle to read that the holder of an unrestricted easement is entitled to use other property of the servient tract other than the reserved way when it is beneficial to the easement holder. This construction would be a misapprehension of the general rule. It is reasonable use of the ten-foot wide, 450-foot long way, to which plaintiffs are entitled, not reasonable use of the roadway plus such other property as is advantageous to them.

▮▮▮ Plaintiffs maintain that they are entitled to cross defendants' land at grade and that they have been deprived of this right without due process of law. The Court, however, finds this argument to be without merit. It could hardly be contended that the defendants had an obligation at the time the Parkway was established to construct it at grade. Certainly, defendants could have routed the Parkway motor road either over or under plaintiffs' roadway. The source of plaintiffs' alleged injury, therefore, must be found in the fact that plaintiffs' roadway was placed under defendants' motor road which had been built at grade. Such an alteration by the defendants is not an interference with plaintiffs' easement which is actionable at law or in equity. The question of whether particular alteration is permissible in each case depends upon whether the alteration is material, and materiality is determined from whether or not "the alteration is so substantial as to result in the creation and substitution of a different servitude from that which previously existed":

'As a general rule, when the character of an easement is once fixed, no material alterations can be made in physical conditions which are essential to the proper enjoyment of the easement except by agreement. This applies to both the owner of the easement and to the owner of the fee. The test to determine the right to make a particular alteration is whether the alteration is so substantial as to result in the creation and substitution of a different servitude from that which previously existed.'

*Vance v. Davis,* 195 Va. 730, 737, 80 S.E.2d 396, 400 (1954). Consequently, as there was no alteration of a physical condition of plaintiffs' easement which is essential to the proper enjoyment of the easement and which substitutes a different servitude, this Court find there to be no taking, without due process of law, of any rights created by virtue of the Commonwealth's deed to the United States.

As the 1938 deed from the Commonwealth of Virginia to the United States could not restrict the rights of the plaintiffs which they retained by virtue of the 1937 deed, wherein their predecessor in title conveyed the servient tract to the Commonwealth with the reservation of an easement intersecting the Parkway motor road at or near Station 1275 + 00, the 1937 deed must also be examined. Like the subsequent 1938 deed to the United States, had the parties intended that the grantor have rights of access in the Parkway motor road, they could have so stated. Consequently, for the same reasons that it cannot be correctly contended that the plaintiffs obtained an easement for access to the Blue Ridge Parkway motor road pursuant to the 1938 deed such rights were not acquired pursuant to the 1937 grant.

2. It is a general rule that an abutting landowner has an easement in a public road which amounts to a property right. *Wood v. Richmond,* 148 Va. 400, 407, 138 S.E. 560, 562 (1927). However, plaintiffs' property does not abut the Parkway motor road. Moreover, "[a]n abutting landowner's right of access to a public road is subordinate to the police power of the state reasonably to control the use of streets so as to promote the public health,

safety, and welfare." *Highway Commissioner v. Easley,* 215 Va. 197, 203, 207 S.E.2d 870, 875 (1974).

3. Such an interpretation would also give the plaintiff the right to use the limited access motor road for commercial purposes or for purposes which are inconsistent with the regulation of the Parkway as a National Park Area. *See e. g.,* Title 36 C.F.R. § 5.6.

*U. S. v. Parkway Towers, Inc.,* D.C., 282 F.Supp. 341, *aff'd per curiam,* 405 F.2d 500 (4 Cir., 1968), plaintiffs argue, establishes their right to use the Parkway. That case, however, does not stand for the proposition that the United States lacks the right to prevent access to the Blue Ridge Parkway motor road from the plaintiffs' easement as the Court expressly found that the issue before it did not involve "the right of the United States to limit access to the public roadway (Parkway) but whether the right reserved [unto] the grantor, his heirs and assigns, by the language of the easement [had] ceased or expired." [4] *Id.* at 344. This Court, therefore, must conclude that it is not authority for plaintiffs' position.

Having concluded that neither the reservation in the 1937 deed nor the reservation in the 1938 deed grants plaintiffs any rights other than that of access from their dominant tract to Route C–608, this Court is constrained to enter summary judgment for defendants.[5]

---

4. In *U. S. v. Parkway Towers, Inc., supra,* although the Court did not so state, it apparently determined that the owner of the dominant tract acquired an easement by prescription based upon the fact that the roadway in question was, in fact, used for access for 31 years after its establishment. In the present case, however, the plaintiffs claim by virtue of an express reservation and not by prescription.

5. The defendants raised the affirmative defense of laches to plaintiffs' claim. However, as the Court has determined that defendants are entitled to summary judgment, the Court does not address that defense.