# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

State Highway Commissioner

v.

1619 Associates

April 13, 1984

By JUDGE JOHN A. JAMISON

Time being of the essence in deciding upon the Motion in Limine filed by counsel for the Petitioner, I am expediting my opinion on the issue raised as to whether or not the Highway Department's closing of the crossover opposite the driveway of the property of the Respondent is a properly compensable item in the above eminent domain action.

The Respondent had expected testimony by its expert witness that the resulting inconvenience to the Respondent had lowered the value of its property in such a way that damages to the residue would be greatly increased.

The now unbroken concrete median strip effectively requires patrons and others traveling north and desiring to enter the driveway to the Respondent's property, to continue some distance before properly turning around and coming back on the south bound lane to gain access to the property.

It is apparent to anyone that this will cause inconvenience to the landowner. Were it not for the two cases cited by counsel for the Petitioner, *Highway Commissioner v. Howard*, 213 Va. 731 (1973), and *Highway Commissioner v. Easley*, 215 Va. 197 (1974), it would certainly seem appropriate as a result of the taking of Respondent's land to allow compensation for what might appear to be a property right previously enjoyed by him. In *Easley*, *supra*, however, the Supreme Court states categorically that:

An abutting landowner's right of access to a public road is subordinate to the police power of the state reasonably to control the use of streets so as to promote the public health, safety, and welfare. (citing the long-established authority of *Wood v. Richmond*, 148 Va. 400 (1927)).

The Court in *Easley* also cites *Howard*, *supra*, as follows:

[E]vidence of circuity of access caused by the installation of a median strip on a four-lane highway could not be considered in assessing damages to the residue of property taken for widening the right of way. In either case the governing principle is that the owner of property abutting a public road has no right to compensation when the state, in the exercise of its police powers, reasonably regulates the flow of traffic on the highway. And the burden is on him who assails the action of the Commissioner to show that the Commissioner acted unreasonably.

In my opinion, the landowner could not "assail the action of the Commissioner" in the case at bar and presumably does not plan to do so. Such evidence, however, if there is any would have to be of a nature far more aggravating than that which existed in *Easley* and *Howard*.

Needless to say, I am entirely sympathetic to the position in which the Respondent finds himself. Yet, what might appear to be arrogance and arbitrariness on the part of the Commissioner is frequently experienced by landowners in numerous examples of the exercise of the police power for the benefit of the greater public. Resulting irritations, such as the one occurring here, while understandable, cannot be relieved against in the face of the two cases which clearly state the present posture of the law of Virginia. The case of *Highway Commissioner v. Linsly*, 223 Va. 437 (1982), cited by Respondent, is distinguishable. The Court states at page 443:

It thus appears, from *Howard* and *Easley*, that reduction or limitation of direct access to an abutting landowner's property generally

is not compensable. See 1 Nichols on Eminent Domain (Rev. 3d ed. 1981) § 1.42(7) at 1-245. In the present case (*Linsly*) however, there is a complete extinguishment and termination of all the landowners' rights of direct access to Route 17. The Commissioner argues that whether there is limitation of access or extinguishment of access and substitution of reasonable access by a service road, the same principle applies. We disagree.

It thus appears that the Court would take a different position if *total* access to the highway had been eliminated. Mr. Ledbetter feels that *Linsly* presages a movement toward allowing proof of damages in cases with facts similar to the one at bar. Even assuming the correctness of his theory, the facts in *Linsly* are sufficiently differentiated to require this Court to revert to the law enunciated in *Howard* and *Easley*, because the facts in those cases are too closely related to the case at bar.

Accordingly, I must hold that the landowner's attorney be prevented from expressing an opinion that the removal of the crossover reducing the convenience of access might increase the damages to the residue of the property here.