## CIRCUIT COURT OF WISE COUNTY

Commonwealth Transportation
Commissioner of Virginia

v.

Miners Exchange Bank

March 1, 1994

Case No. L91–245

BY JUDGE J. ROBERT STUMP

The court has considered this highway condemnation file, the view, the transcript of evidence, oral arguments and counsel briefs in regard to highway's motion to set aside report of commissioners.

The highway's evidence of fair market value of the take and damage to the residue was $64,133.00. Bank's evidence varied from $700,000.00 to $750,000.00. The Commissioners awarded a total of $425,000.00.

Highway's assignment of error that the court should have excluded the testimony of bank's expert witness, Don Green, a competitive banker, because he did not consider another rental building on the property is unfounded. This argument went to the weight of the evidence and not its admissibility. These facts were addressed and extensively argued to the commissioners and properly weighed by them.

Highway's alleged error that the testimony of Jim Sykes, expert witness for bank, should not have been heard by the commissioners is denied. Counsel did not make a timely motion for mistrial. The court struck Sykes's testimony and instructed the commissioners to disregard it completely and "ignore what he just testified to."

The bank's photos of the bank property, traffic flow, drive-in window patterns, and access were relevant, material, explained and cross-examined in detail, were proper, and not error in that they related to the weight of the evidence and not their admissibility.

The court does not find an excessive commissioners' award. The commissioners took a view of the property. The award did not exceed the evidence and was properly within the expert testimony and opinions of the witnesses as to damages. There was no prejudice nor bias here. A major error alleged by highway here is access, which includes an attack on Instruction A.

Before highway condemnation and construction, the bank had two direct entrances from U. S. Route 58–A (24 feet and 31 feet wide). After construction, the bank will have one entrance (50 feet wide) from a dead end service road.

Was this access element of damages, either as part of the take and/or damage to the residue, properly presented (Instruction A) to the commissioners? This court answers in the positive.

This court finds that a (dead end) service road is indirect access. *State Highway Comm'r v. Linsley*, 223 Va. 437, 439 (1982); and *Smith v. State Highway Comm'r*, 4 Va. Cir. 223, 229 (1984).

Highway relies on the cases of *State Highway Comm'r v. Howard*, 213 Va. 731 (1973), and *Highway Comm'r v. Easley*, 215 Va. 197 (1974), which hold that reduction or limitation of direct access to an abutting landowner's property is generally not compensable. But these cases are factually distinguishable from the case at bar. Highway also relies on *Wood v. City of Richmond*, 148 Va. 400 (1927), involving state police powers and a zoning violation where two entrances were changed by the City to one entrance, but that case is not factually applicable here because there was not a change to a dead end service road.

The Virginia Supreme Court in *State Highway and Transportation Comm'r v. Dennison*, 231 Va. 239 (1986), created an exception to *Howard* and *Easley* and applied the "reasonableness standard" as announced in *Easley*, where there was a reduction or limitation on the access but not a complete extinguishment or termination of direct access.

*State Highway Comm'r v. Linsley*, 223 Va. 437 (1982), found the complete extinguishment and termination of direct access to be compensable. This court finds the similarity of facts and the principle of law in *Linsley* applicable and controlling here. Here bank's direct access to major U.S. Highway 58–A will be extinguished and terminated and changed to indirect access by means of a dead-end service road.

Therefore, Instruction A and the issue of access damages was properly presented to the commissioners.

Highway argues that its strongest assignment of error is the improper final argument by bank's counsel.

Highway's attorney argued in closing:

> Remember that my appraiser, Mr. Castle, was a contractor. He is not an employee with the Highway Department. He doesn't have any financial interest in the outcome of this litigation. Please use your common sense and intelligence to realize that every stockholder in the Miners Exchange Bank has a financial interest in the outcome of this litigation, including Mr. Ward, even though he denied that he had any personal interest in how this turns out. (Tr. p. 353.)

In reply bank counsel argued:

> Mr. Pippin made a comment that who are you going to believe? A disinterested, professional real estate appraiser who has nothing to gain. I submit to you that when, he has left; he was there just a few minutes ago. But when Mr. Castle took that stand, he was the only paid witness to take the stand that you heard from today. How can you say somebody is disinterested when they have been paid to do that, to come and do what they are saying. If he don't say some low figure, they are not going to give him a job next week or next month or next year. It is just that simple. (Tr. p. 360.)

Counsel for highway objected:

> That is improper argument. There is no evidence of that, and he knows that is not true. And we ask the court to admonish the commission . . . . (Tr. p. 360.)

The court replied:

> Well, I'm not going to make any comment on the argument of counsel. I think the argument is appropriate and the commission will understand. I am not going to admonish it. (Tr. pp. 360–61.)

Bank counsel's statement that "I submit to you that when, he has left; he was there just a few minutes ago . . ." referred to the presence of the highway's appraiser, Mr. Castle, in the courtroom all day during

the trial and final argument thus inferring and implying that he was not disinterested. The court and commissioners observed his presence in the courtroom throughout the entire day of trial. Mr. Castle returned to the courtroom to hear the last portion of bank and highway attorneys' arguments.

The highway's hired real estate expert appraiser testified that he had done "multi-parcel appraisal work which is more than 10, 15 or 20 parcels at a time" in the Coeburn area, and these same commissioners here had heard Mr. Castle testify for the highway on several prior occasions in many other highway condemnation cases in the Coeburn area. Having been employed as an expert witness for the highway, he had a financial interest in this case, and his "bias, prejudice, relationship, manner of testifying, and the like . . ." is a proper subject that may be addressed by opposing counsel.

Highway's counsel in his opening final argument said that all the witnesses for the bank were stockholders and had a financial interest in the outcome of the case. Highway counsel further stretched the evidence himself by arguing that "even though he denied" it, the bank's president (Ward) "had a personal interest in how this turns out."

Bank's attorney properly responded to highway's argument, and his remarks were appropriate under the facts and circumstances and a valid conclusion by reasoning from the evidence and in rebuttal to opposing counsel's argument.

The court's remarks did not compound any alleged error. "The commissioners will understand" that the two opposing attorneys were heatedly arguing that their expert witnesses are more believable than the opposition. The commissioners are highly sophisticated, reasonable, and intelligent men who could not have been prejudiced nor excessively persuaded by this inconsequential argument by bank counsel.

It is the court's sound discretion and finding that no error was committed by bank counsel in his final argument, and if so, it was harmless error and not prejudicial.

Therefore, highway's motion to set aside commissioners' award is denied.