# CIRCUIT COURT OF THE CITY OF NORFOLK

Larobdrick Dean

v.

Virginia High School League, Inc.

September 8, 2011

Civil No. CL11-6169

By Judge Everett A. Martin, Jr.

The plaintiff has filed a complaint asking the court to enter a declaratory judgment that he meets the Virginia High School League's ("VHSL") criteria for an age rule waiver and to enjoin the VHSL to grant him such a waiver. The cause came to be heard on September 1 on the plaintiff's application for a preliminary injunction.

Almost all of Virginia's public high schools are members of the VHSL, a private corporation that establishes eligibility rules for participation in high school athletics. The plaintiff is a senior at Lake Taylor High School who desires to play football this season. His date of birth is July 11, 1992. The VHSL requires a student to have been born on or after August 1, 1992, to be eligible to play this academic year.

The VHSL also has an age rule waiver procedure the plaintiff availed himself of, but his application for a waiver was denied. In his complaint, the plaintiff does not allege any constitutional, statutory, or common law right the VHSL has violated; rather, he claims the VHSL improperly applied its own rules.

The VHSL has a four-level appeals procedure. The plaintiff was denied a waiver at the second, third, and final appeals. At the second and third levels, the denial was based upon his failure (i) to provide sufficient medical evidence that a significant disability caused a delayed start or interruption in his education, and (ii) to establish that a denial of a waiver would cause him an undue hardship.

The appeals examiner, the final level of appeal, seems to have accepted the plaintiff's evidence of lead poisoning as having interrupted his education. The appeals examiner concluded, however, that the denial of the waiver would not cause the plaintiff an undue hardship. Exhibit E; Defendant's Exhibit A. (All referenced exhibits are the plaintiff's unless otherwise specifically indicated.)

The plaintiff claims the medical evidence was sufficient to show that lead poisoning delayed the start of and interrupted his education. He also claims the VHSL did not require proof of an undue hardship when his application was submitted but added that requirement several months thereafter.

The plaintiff filed his application for an age waiver on March 15, 2011, and his principal supported the application. Exhibit D. At that time, the "Criteria for VHSL Age Rule Appeals" provided five criteria when a "Waiver will be considered." (Neither counsel raised this at the hearing, but I note the criteria govern when a waiver will be *considered*, not necessarily when one will be *granted*.) The five criteria do not include undue hardship, but immediately thereafter appears "Notes: (1)," which defines undue hardship. Exhibit C.

At a meeting in February of this year, it seems the VHSL formally and explicitly made undue hardship a sixth criterion. Exhibit F. This amendment would have become effective on July 1. Exhibit G.

A mandatory injunction will not be granted upon a preliminary hearing except in cases of strong and imperious necessity, where the right to the injunction is clear. *Virginian Ry. v. Echols*, 117 Va. 182, 184, 83 S.E. 1082, 1083 (1915). Lacking further guidance from the Supreme Court on the issuance of preliminary injunctions, most Virginia circuit courts have adopted the law of the Fourth Circuit. To obtain a preliminary injunction, the plaintiff must establish, first, he will suffer irreparable harm if the injunction is denied; second, the granting of the injunction will not harm the defendant; third, he is likely to succeed on the merits; and fourth, the granting of the injunction is in the public interest. *Merrill, Lynch, Pierce, Fenner & Smith v. Bradley*, 756 F.2d 1048, 1054 (4th Cir. 1985).

*Irreparable Harm to the Plaintiff*

The plaintiff is correct that the denial of a preliminary injunction will prevent him from playing football this year. The season will probably be over before this case comes to trial.

The plaintiff has played football for three seasons. Complaint, paragraph 6. As a senior, he can probably expect to be on the field more than in earlier years. His coach, Hank Sawyer, testified that his inability to play this year might make it less likely the Apprentice School will offer him a place next year. Both the plaintiff and his mother gave emotional testimony about the

importance of football in terms of his discipline and desire to finish high school.

Nonetheless, the Virginia courts that have considered the issue have found that a student does not suffer irreparable harm by being denied participation in interscholastic athletics. *McGee v. V.H.S.L.*, Civil Action No. 2:11CV00035 (W.D. Va. Aug. 11, 2011); *Sisson v. V.H.S.L.*, Civil Action No. 7:10CV00530 (W.D. Va. Dec. 14, 2010). I agree.

### Harm to VHSL

If I were to grant a preliminary injunction, there would be little harm to VHSL, except as discussed below.

### Likelihood of Succeeding on the Merits

I find the plaintiff is unlikely to succeed on the merits. Both the testimony of Ken Tillery and the affidavit of Bradford A. King (Defendant's Exhibit A) establish that applicants for age rule waivers have had to show an undue hardship for many years. Mr. Tillery is in his eighteenth year as the director of the VHSL. Mr. King has been a hearing officer for the VHSL for eight years and has heard about twenty cases. Contrary to what the plaintiff alleges, it seems proof of an undue hardship was necessary to obtain an age rule waiver on March 15, 2011. The undue hardship criterion was applied to Steven Sisson in the spring of 2010. *Sisson, supra.*

### The Public Interest

In most causes in which a preliminary injunction is sought, there is little, if any, discussion of the public interest because only the private rights of the parties are at issue. Not so here. The VHSL establishes rules that govern eligibility for thousands of high school athletes across Virginia. In the absence of the violation of a constitutional, statutory, or common law right, it ought to be allowed to adopt, interpret, and apply its own rules without interference from the courts.

Allowing the courts to review the decisions of its hearing officers would protract the resolution of appeals. It could also cause a team to forfeit its victories for use of an ineligible player if a judge should grant a preliminary injunction and later find for the VHSL on the merits or be reversed by the Supreme Court of Virginia.

The VHSL provides a more than adequate appeals process for a disappointed young athlete. I do not think it wise to interfere with it. An order denying the preliminary injunction will be entered.