# CHARLESTON.

STATE *ex rel.* DON CHAFIN, SHERIFF OF LOGAN COUNTY, W. VA., *et als., v.* HONORABLE A. P. HUDSON, JUDGE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA, AND E. T. ENGLAND, ATTORNEY GENERAL OF THE STATE OF WEST VIRGINIA.

Submitted December 9, 1924.   Decided December 22, 1924.

1.   INJUNCTION—*Circuit Court Without Jurisdiction of Bill Filed by State at Relation of Attorney General Unless Act Sought to be Enjoined is Being or Will Be Committed in County in Which Suit is Instituted or in an Adjoining Circuit the Judge of Which is Disqualified to Act.*

A circuit court does not have jurisdiction of a bill in chancery filed by the State at the relation of the Attorney General solely for the purpose of enjoining an act or proceeding apprehended or being committed, unless the act or proceeding sought to be enjoined is being committed or will be committed in the county in which the suit is instituted; or unless the act or proceeding is being committed or apprehended in an adjoining circuit the judge of which is so situated that it would be improper for him to act. (p. 682)

2.   SAME—*Circuit Court of Kanawha County Without Jurisdiction
     of Bill by State at Relation of Attorney ·General to Enjoin
     Commission of Illegal Acts in Logan County.*

     The Circuit Court of the County of Kanawha does not have
     jurisdiction of a bill by the State at the relation of the
     Attorney General solely for the purpose of enjoining and
     inhibiting the commission of illegal acts and· proceeedings
     being committed by persons in the County of Logan.   The
     Court takes judicial notice that the Kanawha Circuit does not
     adjoin the Logan Circuit. (p. 682).

MILLER, JUDGE, absent.

Original proceeding in prohibition State ex rel. Don Chafin,
Sheriff of Logan County, and others against A. P. Hudson,
Judge of the Circuit Court of Kanawha County. .

                                        *Writ awarded.*   ·

*A. M. Belcher, Brown, Jackson & Knight, Price, Smith &
Spilman, Fitzpatrick, Brown & Davis* and *Chafin & Estep,*
for relators.

·*E. T. England,* Attorney General, and *Charles Ritchie,
R. A. Blessing,* and*R .Dennis Steed,* ˙Assistants Attorney
General, for respondents.

LIVELY, JUDGE:

Petitioners in this prohibition are the defendants in a bill
in chancery filed by the State at the relation of E. T. England,
its Attorney General, in the Circuit Court of Kanawha
County, over which circuit Honorable A. P. Hudson presides.
Petitioners are residents of Logan County, and aver that the
Circuit Court of Kanawha County has no jurisdiction to
entertain the bill.
.   The bill is against the sheriff of Logan County and his
numerous deputies, the judge of the circuit court of that
county (although no allegation against him, is therein con-
tained), the members of the county court, the prosecuting
attorney and his assistant, and numerous coal companies
operating in that county.   The object of the bill is to enjoin
the sheriff from appointing deputies to serve as ˙private guards
at the mines of the coal companies named, and to prevent the

coal companies from paying for the services of such deputy sheriffs acting as mine guards, and to restrain the coal companies from paying the sheriff large sums of money alleged to be paid him for the appointment of such deputies. It is charged in the bill that the appointment and service of these deputies as mine guards is in violation of Section 11, Chapter 7 of the Code, which makes it unlawful to appoint deputies for the purpose of acting in the capacity of guards or watchmen for any private individual, firm or ccorporation. The bill contains numerous charges of illegal and criminal acts upon the part of these deputies, by which the personal rights and safety of the inhabitants of that county are abridged and endangered, and their political rights denied; and that they are deprived of the inalienable right of the peaceful pursuit of business, happiness and of their personal safety.

The petitioners aver that the bill does not present a case wherein the interference with the enjoyment of any right may be said to be threatened as a result of the conditions sought to be prohibited; but even if the allegations may be so construed as to charge that the enjoyment of personal rights is threatened or abridged by the acts sought to be enjoined, it is clear that such rights are not of that nature coming within the jurisdiction of a court of equity; that the law courts afford a speedy and adequate remedy; that the criminal acts complained of can be speedily controlled by the criminal courts; that the remedy for infringement upon the personal and private rights of any citizen is upon suit on the sheriff's bond; and that if the administrative and judicial officers of that county fail to discharge their duties for the preservation of such rights, impeachment proceedings should be invoked. They further assert that no infringement of the right of property is involved in the charge which would give equity jurisdiction to enjoin a criminal act or one anticipated, citing *State* v. *Ehrlick,* 65 W. Va. 700; *State* v. *Railroad Co.,* 78 W. Va. 526; *In re Debs,* 158 U. S. 564, and many other cases which hold, in substance, that something more than the threatened commission of a criminal offense is necessary to call into exercise the injunctive powers of a

court; that there must be an interference actual or threatened of property or rights of a pecuniary nature.

On the other hand the Attorney General argues forcibly that the violations of law complained of in the State's bill involve personal rights and political liberty of the citizens of Logan County and of others who may visit that county in the pursuit of pleasure or for the transaction of business; that the violation of personal rights of this character, continuous and threatening in its nature, is sufficient to warrant injunctive process for its prevention; that the violations are in the nature of a public nuisance; and that pecuniary rights of the citizens are thus indirectly involved and are sufficient to sustain equity jurisdiction. To sustain this contention *State* v. *Ehrlick,* 65 W. Va. 700; *State of Missouri ex rel. Crow* v. *Dennis Canty,* 207 Mo. 439; *Railway Company* v. *Conley & Avis,* 67 W. Va. 129; *Roosevelt· et al.* v. *Edson, Mayor,* 51 N. Y. Superior Court 227; *People ex rel. Miller, Attorney General,* v. *John Tool,* 35 Col. page 225; *Commonwealth of Ky. ex rel. Atty. Gen.* v. *McGovern et al.,* 66 L. R. A. (Ky.) 280; 1 Joyce on Injunctions, page 540; Spelling on Injunctions, Sec. 922; and many other decisions of like character are relied on.

In our view we have deemed it unnecessary to pass upon the question thus presented whether under the allegations of the bill a court of equity has jurisdiction by injunctive process to prevent the commission of the acts being committed or threatened. The first question to be determined is whether the Circuit Court of Kanawha County has jurisdiction of the bill. It is asserted by the Attorney General that Section 1, of Chapter 123 of the Code is conclusive on that point. That chapter relates to the venue of actions in general and provides: "Any action in law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: . . . or (6th) if it be on behalf of the State in the name of the Attorney General or otherwise, wherein the seat of government is." The contention of the Attorney General is that this statute directs and requires that all suits brought on behalf of the State at the relation of the Attorney General either in law or in equity must be instituted in, conducted and determined by the cir-

cuit court of the county in which the seat of government is.
According to this contention a suit in ejectment brought by
the State at the relation of the Attorney General or otherwise
against a claimant by adverse title to a part of the land of the
State in Lewis County on which the asylum for the insane
is located, would be cognizable by and must be brought in the
county in which the seat of government is.  It is specially
provided by law that ejectment suits must be instituted in
the county wherein the land lies.  We must not overlook the
language in Section 1, Chapter 123, which says that actions
at law or suits in equity may be instituted on behalf of the
State in the name of the Attorney General or otherwise in
the county wherein the seat of government is; "except where
it is otherwise specially provided."  The words just quoted
qualify the provision that suits in the name of the State at
the relation of the Attorney General or otherwise may be
brought in the county where the seat of government is.  It is
a legislative mandate that all suits which are required to be
instituted in designated courts and counties must be therein
instituted and conducted.  But if it is not otherwise specially
provided by statute, then a suit by the State at the relation of
the Attorney General or otherwise, may be brought in the
county in which the seat of government is located.  By Sec-
tion 4, of Chapter 133 of the Code, we find:  "Jurisdiction
of a bill for an injunction to any judgment, act or proceeding
shall be in the circuit court of the county in which the judg-
ment is rendered, or the act or proceeding is to be done, or is
doing, or is apprehended, and the same may be granted to a
judgment of a justice in like manner and with like effect as to
other judgments."  The bill is purely an injunction bill; and
by the statute just quoted we have the venue of such a bill
specially fixed and directed.  The jurisdiction to hear and
determine the merits of a bill purely and solely for injunc-
tion, is exclusively in the circuit court of the county in which
the act or proceeding is to be done, or is doing, or is appre-
hended.  An injunction may be awarded by any circuit
judge, but the right to judicially determine the cause is ex-
pressly limited to the circuit court of the county where the
act or proceeding is being done which is sought to be prohib-
ited.  "When the State as plaintiff invokes the aid of a court

STATE *v.* HUDSON. [Dec.1924

of equity, it is not exempt from the rules applicable to ordinary suitors; that is, it must establish a case of equitable cognizance and a right to the particular relief demanded.'' *People* v. *Canal Board,* 55 N. Y. 395; Pomeroy Eq. Jur. Vol. 5, Sec. 330.

The venue of an action to recover money or something of a pecuniary value is generally where the debtor resides, or has property, or where the cause of action arose; and if the State institutes her suit in a court of law or equity to assert some obligation or claim of this nature the venue of her action for that purpose would be governed by the general statutes for the venue of such actions; but we find it expressly provided that the venue of such suits shall be in the circuit court of the county in which the seat of government is. Section 2, Chapter 35 of the Code. If the contention of the Attorney General that all suits by the State at the relation of the Attorney General or otherwise must be brought in the county in which the seat of government is located be true, it would have been entirely unnecessary further to provide that proceedings for the enforcement of the payment of money due the State should be brought in the Circuit Court of the county of the seat of government. The Legislature recognized that without such provision suits by the State for the recovery of money due the State would necessarily have to be instituted as other actions by ordinary suitors for the recovery of money obligations. For convenience in the collection of her money obligations, the general law of venue of such actions was changed. But no such change of the venue of purely injunction suits by the State has been provided for. While we find nothing in the bill which would disqualify the Judge of the Circuit Court of Logan County from entertaining the bill and determining the equities set up, we note that if the judge of a circuit be interester in a case which, but for such interest, would be proper for the jurisdiction of his court, the action or suit may be brought in any county in an adjoining circuit, the county-seat of which county is nearest the county-seat of the county wherein such judge resides. Paragraph 7, Section 1, Chapter 123 of the Code. By the return of the Attorney General it is proposed that an amendment will be made which would show that it would

be improper for the Judge of the Circuit Court of Logan County to pass upon the matters involved in the bill. Even should that proposed amendment have been incorporated in the original bill, it would not confer jurisdiction upon the Circuit Court of Kanawha County. We take judicial notice that the Kanawha Circuit is not an adjoining circuit to that in which Logan County is located.

Considering in *pari materia* the statutes above noted we have concluded that a purely injunction suit by the State at the relation of the Attorney General or otherwise can not be maintained in the county in which the seat of government is located, unless the act or proceeding to be prohibited is in that county. The venue of such action where the act or proceeding to be prohibited is in another county, is "otherwise specially provided"; that is, it is specially provided that pure injunction suits must be instituted and determined in the circuit court of the county in which the act or proceeding is to be done, or is doing or is apprehended, which is sought to be prohibited.

The Circuit Court of Kanawha County is without jurisdiction to entertain the bill; and the writ will be awarded.

*Writ awarded.*