Paul Brady

*v.*

L. L. Smith and J. N. Wallace

(No. 10641)

Submitted January 13, 1954.    Decided February 2, 1954.

*John G. Fox,* Attorney General, *Donald L. Schaffer,* Special Assistant Attorney General, *T. D. Kauffelt,* Assistant Attorney General, for appellants.

*Arthur S. Landacre,* for appellee.

Riley, Judge:

In this suit in equity brought in the Circuit Court of Cabell County, in which the plaintiff, Paul Brady, seeks injunctive relief only against the defendants, L. L. Smith and J. N. Wallace, respectively the general contractor and the district engineer for The State Road Commission of West Virginia, in the reconstruction and improvement of United States Route No. 60 in Cabell County, West Vir-

ginia, the Circuit Court of Cabell County awarded a temporary injunction restraining the defendants from building a center concrete island or median strip in front of property owned by the plaintiff and abutting on U. S. Route No. 60, on which he conducts a motor vehicle repair garage, sales and service business. The defendants prosecute this appeal from the decree of the circuit court, entered on August 7, 1953, refusing to dissolve the temporary injunction theretofore awarded.

Plaintiff's bill of complaint, designated in the record as a petition, alleges that the construction of the proposed center island or median strip, designed to be twenty-four inches wide and nine inches high in front of plaintiff's property would require all eastbound traffic on U. S. Route No. 60 to proceed about three hundred feet beyond plaintiff's property in order to turn and approach plaintiff's garage, sales and service place of business, which would greatly damage plaintiff's business.

By a decree of August 3, 1953, the circuit court awarded the temporary injunction sought to be dissolved, restraining the defendants from proceeding with the construction of the center island or median strip, and further ordered that the defendants leave a gap in the center island or strip one hundred feet in length in front of plaintiff's property.

To the bill of complaint the defendants filed an answer and moved the court to dissolve the temporary injunction theretofore awarded, assigning as grounds in support of the motion the same grounds now asserted on appeal in this Court, which, in substance, are:

> (a) That the bill of complaint failed to allege that the defendants or the State Road Commissioner had acted arbitrarily, capriciously, or fraudulently. In this the said pleading is, therefore, fatally defective.

> (b) That plaintiff failed to allege or claim in his bill of complaint any property right or other right upon which injunctive relief may be granted.

(c) That plaintiff, as an abutting property owner on said public highway, is, under the law, entitled only to a reasonable means of access, ingress and egress to his property and the facts related in the bill of complaint are insufficient to show that the plaintiff is being denied a reasonable means of access, ingress and egress to the said property.

(d) That the plaintiff failed to allege in his bill of complaint that ingress and egress to his property were completely barred to the extent that the value of his property was totally destroyed.

(e) That the plaintiff failed to allege in his bill of complaint that the median strip or island takes or encroaches upon any portion of his property.

(f) That the plaintiff failed in his bill of complaint to allege or claim any compensable right upon which injunctive relief may be granted.

(g) For further reasons apparent on the face of the record.

A careful examination of the bill of complaint discloses that it does not contain express allegations in the particulars specified in the assigned grounds in support of the motion to dissolve the temporary injunction, and there is nothing in the bill of complaint which discloses that the defendants, L. L. Smith and J. N. Wallace, in their respective capacities as general contractor and district engineer for The State Road Commission of West Virginia, acted arbitrarily, capriciously or fraudulently in constructing the proposed center concrete island or median strip in front of plaintiff's property, abutting on U. S. Route No. 60. Nor does the bill of complaint expressly or inferentially allege that the plaintiff has suffered, or will suffer, injury from the proposed construction of the center concrete island or median strip different in kind from that suffered by other property owners similarly situated.

This case is, therefore, governed by the case of *Heavner* v. *State Road Commission,* 118 W. Va. 630, pts. 1 and 2 syl., 191 S. E. 574, which read:

"1. Under the provisions of Section 4, Article 4, Chapter 40, Acts of the Legislature, First Extraordinary Session 1933, the State Road Commissioner has power 'upon petition and hearing, or after due investigation, upon his own initiative, (to) discontinue any road no longer necessary' and such power is not subject to the control of the courts, except where its exercise is capricious, arbitrary or fraudulent.

"2. Where the State Road Commissioner, in the lawful exercise of the powers vested in him under Section 4, Article 4, Chapter 40, Acts of the Legislature, First Extraordinary Session 1933, makes a change in a primary state road, owners of property, affected by such change, cannot, by mandamus, require the restoration of the road to its original location where reasonable access to and from their property is provided."

At page 633 of the opinion in the *Heavner* case, this Court, dealing with the powers vested in the State Road Commissioner by Section 4, Article 4, Chapter 40, Acts of the Legislature, First Extraordinary Session, 1933, which, *inter alia,* vests in the state road commissioner the power to "Construct, reconstruct, repair and maintain the state roads", said: "The legislature having granted this power in the broadest possible terms, courts are not at liberty to interfere with the exercise of the same by those entrusted with its execution, except in cases where capricious, arbitrary or fraudulent conduct is involved." To like effect see the decision of this Court in the case of *White* v. *McCroskey,* 122 W. Va. 261, 8 S. E. 2d 827, in which this Court in point 1 of the syllabus held: "In acting upon the discontinuance of a public road, the right of way of which has been altered at his direction, the Road Commissioner, under Section 4, Article 4, Chapter 40, Acts of the Legislature, First Extraordinary Session 1933 (Code, 17-4-4), in the absence of a petition, is acting upon his own initiative, and if the lack of due investigation is not affirmatively shown by the person seeking to avoid the effect of his order of discontinuance, and it is not otherwise shown to have been capricious, arbitrary, or fraudulent, the order constitutes a rightful

discontinuance of a public highway." See also *State of West Virginia ex rel. State Road Commissioner of West Virginia* v. *Darnall, et al.,* 129 W. Va. 159, pts. 1 and 2 syl., 38 S. E. 2d 663.

It follows that under the foregoing authorities the bill of complaint does not contain allegations, which would ground the relief granted by the Circuit Court of Cabell County in awarding by its decree of August 3, 1953, the temporary injunction sought to be dissolved.

We therefore reverse the decree of the Circuit Court of Cabell County, entered on August 7, 1953, overruling the defendant's motion to dissolve the temporary injunction and decreeing that the temporary injunction "be continued in full force and effect until the further order of the Court", and order that the temporary injunction heretofore awarded be, and the same is hereby dissolved, and plaintiff's bill of complaint dismissed.

*Injunction dissolved;*
*bill of complaint dismissed.*