Dewey P. Phares, *et al.*

*v.*

William S. Ritchie, Jr., *as W. Va. Commissioner of Highways*

(No. CC894)

Decided November 25, 1975.

*William M. Karr, III* for plaintiffs.

*Hershel R. Hark, Legal Div., Dept. of Highways*, for defendant.

Neely, Justice:

This case presents one issue and one issue only with regard to proper venue in actions brought against State officials. In January 1975 the appellees filed a petition in the Circuit Court of Randolph County praying for the issuance of a writ of mandamus to require the appellant,

Commissioner of Highways William S. Ritchie, Jr., to maintain a public road in the New Interest District of Randolph County, which had been maintained as a state road until some time in 1974. Appellees alleged they all owned land abutting the road and that they would suffer irreparable damage to the value of their property unless the defendant were compelled to maintain the road. The Circuit Court held that venue was proper in Randolph County, predicating that holding on *W. Va. Code*, 14-2-2(b) (1974). As this Court finds that this was not a mandamus action to require the institution of condemnation proceedings as contemplated by *W. Va. Code*, 14-2-2(b) (1974), we hold that the rule to show cause issued by the Circuit Court of Randolph County was improvidently awarded.[1]

The provision establishing proper venue with regard to actions brought against State officials is set forth in *W. Va. Code*, 14-2-2(a) (1974) which states:

"VENUE FOR CERTAIN SUITS AND ACTIONS.

(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County:

1. Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

2. Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the State obtained in any circuit court.

(b) Any proceeding for injunctive or mandamus relief involving the taking, damage or title to real property may be brought and presented

---

[1]The case came to this Court on three certified questions, which unfortunately were inartfully stated in terms of jurisdiction when the proper issue regards venue. For that reason we have consolidated the certified questions and restated the basic issue ourselves in order to avoid confusion, and to avoid discussing issues not fairly raised upon the record.

in the circuit court of the county in which the real property affected is situate.

This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the State from suit under section 35, article VI of the Constitution of the State."

It is obvious that the action in question was not for the purpose of compelling the Commissioner to institute condemnation proceedings in order for petitioners to recover for damage to their land, but rather to require the Commissioner to maintain a road. That is to say, the petitioners do not seek compensation for land taken or damaged by the State, but rather petitioners seek to require reinstitution of State maintenance of a road lest the abutting property decline in value as a result of the loss of State maintenance of the road. Such a cause of action does not fall within the contemplation of *W. Va. Code* 14-2-2(b) (1974). Consequently, proper venue under the facts of this case lies only in the Circuit Court of Kanawha County.

Accordingly, the rulings of the Circuit Court of Randolph County are reversed and the case is remanded for further proceedings consistent with this opinion.

*Rulings on certified questions reversed and remanded with instructions.*