STATE *ex rel.* WILLIAM S. RITCHIE, JR., COMMISSIONER,

W. VA. DEPARTMENT OF HIGHWAYS

*v.*

GEORGE R. TRIPLETT, *Judge* OF THE CIRCUIT COURT OF

RANDOLPH COUNTY, *et als.*

(No. 13754)

*and*

STATE *ex rel.* JOSEPH S. JONES, *Commissioner*, W. VA.

DEPARTMENT OF HIGHWAYS

*v.*

JACK R. NUZUM, *Judge* OF THE CIRCUIT COURT OF RANDOLPH

COUNTY, *et als.*

(No. 13904)

Decided July 12, 1977.

*Hershel R. Hark, Legal Division, Dept. of Highways,* for relator.

*H. K. Higginbotham, William M. Karr, III* for respondents.

McGRAW, JUSTICE:

The Commissioner of the West Virginia Department of Highways brought these two original jurisdiction prohibition actions, consolidated here for decision and disposition, to prohibit further prosecution of two petitions for writs of mandamus brought in the Circuit Court of Randolph County. The two writs of mandamus seek to compel the Commissioner "to take jurisdiction, maintenance, supervision, repair, and control" of a road serving lands owned by the mandamus petitioners. The parties*, the subject matter and the issues in the two mandamus actions, except for a change in the venue statute, W. Va. Code, 14-2-2, are the same.

The primary issue presented in this litigation is whether venue lies for the two mandamus actions in the Circuit Court of Randolph County wherein the mandamus petitioners reside and own the lands served by the road in controversy, or in the Circuit Court of Kanawha County since the mandamus repondent, the Commissioner of Highways, is a state officer. The basic statute in-

---

* In the course of these proceedings, William S. Ritchie, Jr. has been replaced by Joseph S. Jones as Commissioner of Highways, and George R. Triplett has been replaced by Jack R. Nuzum in the Circuit Court of Randolph County. Fred M. Arbogast is a successor in title to lands willed to him by his father, A. L. Arbogast.

volved is W. Va. Code, 14-2-2, which, as last amended in 1976, provides:

"(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County:

"(1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

"(2) Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the State obtained in any circuit court.

"(b) Any proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property may be brought and presented in the circuit court of the county in which the real property affected is situate.

"This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the State from suit under section 35, article VI of the Constitution of the State. (1953, c.18; 1974, c.11; 1976, c.25.)"

Both of the mandamus petitions filed in the Circuit Court of Randolph County, one on July 9, 1976, and the other on April 4, 1976, assert that the actions are "brought pursuant to W. Va. Code, 14-2-2(b), as amended, and by Acts of 1976 of the West Virginia Legislature, and pursuant to W. Va. Code, 53-1-3, 4 and 5." Both mandamus petitions assert that the Commissioner of Highways acted "arbitrarily and capriciously" in refusing to take over the maintenance of the road. Petitioners claim the road is a public road and was a country district road designated as a part of the state road system as of July 1, 1933. W. Va. Code, 17-4-2 (1937). They contend that the road was worked and maintained as part of the state road program until 1974 and, in their latter petition, that "in the year 1977, after the effective date of the 1976 amendment to the said W. Va. Code, 14-2-2(b)", the Commissioner of Highways "arbitrarily and capriciously refused to take over the maintenance of the

said road, or to do his duty as to said maintenance, stating that it is not a part of the state road system." In their reply brief in the prohibition proceeding, the mandamus petitioners state that their latter mandamus action, commenced April 4, 1977, "is founded on a new cause of action that arose after the passage of the mandatory statute in 1976, W. Va. Code, 14-2-2(b), put the venue in Randolph County as well as the Kanawha County Circuit Court, because the damages suffered by the mandamus plaintiffs are temporary in nature rather than permanent." They reason that the proper remedy is mandamus to compel a public officer to perform his duty "to take care of and keep in repair public highways." They rely on W. Va. Code, 14-2-2(b), as amended, as basis for venue of the mandamus actions in the Circuit Court of Randolph County.

The Commissioner of Highways contends that the statute is clear and mandatory, and that actions and proceedings against a state officer "shall be brought and prosecuted only in the Circuit Court of Kanawha County" where W. Va. Code, 17-2-2, requires him to reside and maintain his office headquarters.

The Commissioner reasons that the amended statute, W. Va. Code, 14-2-2(b), does not affect the controlling venue provisions in W. Va. Code, 14-2-2(a)(1), which requires actions against state officers to be brought in Kanawha County. The Commissioner further argues that the amended statute, Section 2(b), is unconstitutional under Article VI, Section 35 of the *West Virginia Constitution*, which provides:

> "The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee."

Section 2(b) was first brought into the state by a 1974 amendment, which reads as follows:

"(b) Any proceeding for injunctive or mandamus relief involving the taking, damage or title to real property may be brought and presented in the circuit court of the county in which the real property affected is situate."

The statute was again amended in Section 2(b) by the Legislature in 1976 to read as follows:

"(b) Any proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property may be brought and presented in the circuit court of the county in which the real property affected is situate."

Between the 1974 and 1976 amendments, the Court held in *Phares v. Ritchie*, ____ W. Va. ____, 219 S.E.2d 698 (1975), that irrespective of the language of the 1974 amendment adding Section 2(b) to the statute, venue for actions of landowners against the Commissioner of Highways was in Kanawha County under W. Va. Code, 14-2-2(a), not under § 2(b). The 1976 amendment added the words "title or collection for or prevention of damage" to the statute. It is this amendment upon which the mandamus petitioners claim their action against the Commissioner may be brought in Randolph County "in which the real property affected is situate" and is the same statute language in which the Commissioner of Highways, the petitioner in prohibition, contends is unconstitutional under the provisions of the *West Virginia Constitution*, Article VI, Section 35, prohibiting suits and actions against the State.*

---

* Section 2 of the statute is a part of Article 2, Chapter 14 of the West Virginia Code. The subject title to this chapter, from the Official Code of 1931 to date, is Claims against the State. The title to the Act of the Legislature in 1974, adding Section 2(b), identifies the legislation in relation to "venue for certain suits and actions against the state." (Chapter 11, Acts of 1974). The title to the Act of the Legislature amending Section 2(b) in 1976 does not mention or refer to suits, actions or claims against the state. (Chapter 25, acts of 1976). The enacting clause and Section 2(a) identify the legislation in relation to the chapter of the Code on claims against the state and the venue for actions relating thereto.

In the context of these two prohibition proceedings, however, we need not be concerned with the validity and applicability of § 2(b), W. Va. Code, 14-2-2, since the mandamus actions are against the Commissioner of Highways, a state officer, and we readily find basis for venue under § 2(a), which has been part of the law for many years. The mandamus petitioners allege that the Commissioner "arbitrarily and capriciously" refused to assume jurisdiction over and to work and maintain the rural road, described as a necessary road, serving the petitioners' lands, as a part of the state road system. They allege that mandamus proceedings, based on such allegations, are recognized as proper remedies when brought by proper parties in forums wherein venue of the actions lie. Such proceedings do not contravene the constitutional provision prohibiting suits against the state. *State ex rel. Printing-Litho, Inc.*, 147 W. Va. 415, 128 S.E.2d 449 (1962). In *Heavner v. State Road Commission*, 118 W. Va. 630, 191 S.E. 574 (1937), the Court held in syllabus point one:

> "Under the provisions of Section 4, Article 4, Chapter 40, Acts of the Legislature, First Extraordinary Session 1933, the State Road Commissioner has the power 'upon petition and hearing, or after due investigation, upon his own initiative, (to) discontinue any road no longer necessary' and such power is not subject to the control of the courts, except where its exercise is capricious, arbitrary or fraudulent."

When the Commissioner of Highways exercises his power in a capricious, arbitrary or fraudulent manner, he exceeds his lawful authority and is subject to judicial review. In *State ex rel. County Court of Wood County v. State Road Commissioner*, 147 W. Va. 623, 129 S.E.2d 726 (1963), in point four of the syllabus, the Court held:

> "Mandamus will lie to compel the State Road Commissioner to comply with the mandatory provisions of the statute requiring him to assume control over certain roads and bridges, but the awarding of such writ will not in any way inter-

fere with the proper use of his discretion in connection with the repairing, maintenance, supervision or discontinuance of such roads and bridges, as provided by the statute."

In these two prohibition actions competing forces and theories have been presented and advanced to the Court. The citizens, landowners of Randolph County, could cite Magna Carta provisions in support of their view that matters relating to their real property should be adjudicated in their home county.* The Commissioner of Highways can detail for himself and other state officers problems which would be created if they were obliged to respond to litigation at points throughout the state. He concedes that the Commissioner of Highways, on a given day, might be required to appear in the courts of fifty-five counties and, in counties having plural circuits, might be obliged to appear at the same hour in different court rooms in the same county seat. Whatever might be said in support of either of these competing theories, venue is a matter of legislative determination. When the Legislature speaks, through a constitutionally valid statute, in clear language, that actions against state officers shall be in Kanawha County, venue must be there required by the Court. 77 Am. Jur. 2d, Venue, § § 2 and 49 (1975). *Expressio unius est exclusio alterius.*

The difference between jurisdiction and venue must be recognized. *Smith Corporation v. Dailey,* 136 W. Va. 380, 67 S.E.2d 380 (1951). While this Court has original jurisdiction in mandamus, prohibition, certiorari and habeas corpus, the practice incident to these writs is conditioned by Rule XVIII, Rules of Practice in the Supreme

---

\* Magna Carta, Chapter 18 (1215), making justice more convenient and accessible, reads as follows:

"18. Recognizances of novel disseisin, mort d'ancestor, and darrein presentment shall be taken only in their proper counties, and in this manner: We or, if We be absent from the realm, Our Chief Justiciary shall send two justiciaries through each county four times a year, and they, together with four knights elected out of each county by the people thereof, shall hold the said assizes in the county court, on the day and in the place where that court meets."

Court of Appeals. The mandatory language in W. Va. Code, 14-2-2, fixing venue of actions against state officers in Kanawha County is consistent with the provisions of Rule XVIII.

As above explained, despite provisions of Article VI, § 35, mandamus may be employed to compel a state officer who has acted arbitrarily, capriciously and outside the law, to perform his lawful duties so, too, when a lower court is without jurisdiction to hear and decide issues in mandamus proceedings, is without venue or otherwise exceeds its legitimate powers, prohibition may be employed in this Court for testing and examining the charges of the abuse of power by such lower court. *State ex rel. Lynn v. Eddy*, 152 W. Va. 345, 163 S.E.2d 472 (1968); W.Va. Code, 63-1-1.

In 1975, the Court reviewed, on certification, proceedings in mandamus involving substantially the same parties, the same subject matter and the same issues as now involved in these two prohibition actions. In the syllabus of that case, *Phares v. Ritchie, supra,* the Court held:

> "An action in mandamus to compel the State Commissioner of Highways to maintain a road does not fall within the contemplation of W.Va. Code, 14-2-2(b) [1974] relating to 'any proceeding for injunctive or mandamus relief involving the taking, damage or title to real property' which establishes proper venue in the 'circuit court of the county in which the real property affected is situate' and therefore the only proper venue for the action in this case is the Circuit Court of Kanawha County, as set forth in W.Va. Code, 14-2-2(a) [1974]."

We affirm and apply the rule in that case in the two prohibition cases now before the Court and hold that the proper venue for the two mandamus proceedings filed in the Circuit Court of Randolph County on July 9, 1976, and on April 4, 1977, is in Kanawha County, as mandated by the Legislature in W. Va. Code, 14-2-2(a)(1). The pending mandamus actions in the Circuit Court of Ran-

dolph County will be dismissed without further action or consideration therein. Accordingly, the writs of prohibition, as prayed for in petitioner's petitions will issue prohibiting the Circuit Court of Randolph County from further proceedings in mandamus.

*Writs of prohibition*
*issued.*

MILLER, JUSTICE, *dissenting:*

I respectfully dissent as I believe the majority is in error when it concludes that W. Va. Code, 14-2-2(b), does not establish venue in the Circuit Court of Randolph County where the original mandamus actions were filed against the State Highways Commissioner and which the Commissioner seeks in this Court to block through the writ of prohibition.

In a nutshell, the controversy in this case involves several abutting landowners who claim in their mandamus actions filed in the Circuit Court of Randolph County that the State Highways Commissioner acted arbitrarily and capriciously when he sought to abandon what they claim is a public road.

The majority opinion appears to rest on the earlier case of *Phares v. Ritchie*, ____ W. Va. ____, 219 S.E.2d 698 (1976), involving some of the same parties and the same road. I believe the Court in *Phares* erroneously construed the nature of the underlying action there involved, as it limited W. Va. Code, 14-2-2(b), in the context of that case, to suits to require the Commissioner to institute condemnation proceedings.

Clearly, the 1974 amendment to W. Va. Code, 14-2-1, was not designed for this purpose alone. Prior to the 1974 amendment, W. Va. Code, 14-2-2, read as follows:

"The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county:

"1. Any suit in which the governor, any other State officer, or a State agency is made a party defendant, except as garnishee or suggestee.

"2. Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the State obtained in any circuit court.

"This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the State from suit under section 35, article VI of the Constitution of the State."

The 1974 amendment added the following provision:[1]

"(b) Any proceeding for injunctive or mandamus relief involving the taking, damage or title to real property may be brought and presented in the circuit court of the county in which the real property affected is situate."

Had the Legislature conceived that the 1974 amendment was to be limited solely to mandamus relief to compel the State Highways Commissioner to institute an eminent domain action, it would have used language precisely involving this purpose and no other, instead of the broader language encompassed in the amendment.

As this Court pointed out in *State ex rel. County Court of Wood County v. State Road Commission*, 147 W. Va. 623, 129 S.E.2d 726 (1963), mandamus will lie to force the State Highways Commissioner to assume control over roads and bridges which he has a statutory duty to maintain. The degree of maintenance is within his discretion and not subject to supervision by mandamus.

Here, respondents instituted their mandamus proceedings in the Circuit Court of Randolph County, alleging that the road is a public road because it had been maintained and used as such for a long period of time up until 1974. The pleadings were, if unrebutted, sufficient under W. Va. Code, 17-1-3, to give rise to a conclusive presumption that the road in question is a public road.

---

[1] In 1976 this section was again amended by the Legislature adding the words "or collection for or prevention of damage" before the words "to real property." One suspects this was an attempt by the Legislature to correct the error in the initial case of *Phares v. Ritchie*, ____ W. Va. ____, 219 S.E.2d 698 (1975).

The respondents in the proceedings below claim that the Commissioner has arbitrarily and capriciously abandoned the road in violation of the provisions of *Code* 17-2A-8. This was sufficient from a pleading standpoint to state a cause of action for mandamus. *State ex rel. County Court of Wood County v. State Road Commission, supra; Brady v. Smith,* 139 W. Va. 259, 79 S.E.2d 851 (1954); *Stephenson v. Cavendish,* 134 W. Va. 361, 59 S.E.2d 459 (1950).

The State Highways Commissioner raised the factual defense that the road is not a public road. What is actually at issue in this case is a question of title; that is, whether the road is or is not a public road. This is the exact question to which the Legislature spoke when it passed the 1974 revision to W. Va. Code, 14-2-2(b).

There is nothing extraordinary in the Legislature creating a venue right for local citizens to bring actions against a State Highways Commissioner in their counties, where the matter involves the taking of real property or question as to its title. Indeed, under W. Va. Code, 17-4-53(a), it is expressly so sanctioned in cases involving access to State highways.[2]

It has long been recognized under our general venue statute that suits involving land should be brought in the county where the land is situate. W. Va. Code, 56-1-1(a) and (c).

Even though the general venue statute directs that suits on behalf of the State be filed in the respective county where the seat of government is located, W. Va. Code, 56-1-1(f), this Court has never construed this provi-

---

[2] "Any objection or preliminary determination issued by the state road commission under sections forty-seven [§ 17-4-47], forty-eight [§ 17-4-48], forty-nine [§ 17-4-49] or fifty [§ 17-4-50] of this article shall be subject to judicial review by the circuit court of the county in which the real property affected is located, or the circuit court of Kanawha county, upon the filing in such court or with the judge thereof in vacation, of a petition for appeal by the owner or owners aggrieved by such objection or preliminary determination, within thirty days from the date of the giving of notice of such objection or preliminary determination."

sion as absolute. It has long recognized that where the Legislature has made specific courts and counties the appropriate place to bring a suit, it must be brought there. Thus, in *State ex rel. Chafin v. Hudson*, 97 W. Va. 679, 125 S.E. 813 (1924), the State in seeking an injunction was required to bring the suit, under *Code 53-5-3*, in the county where the acts sought to be enjoined are located. Likewise, in *State ex rel. Charlotton v. O'Brien*, 135 W. Va. 263, 63 S.E.2d 512 (1951), this Court held that a suit for escheated property brought by the State under W. Va. Code, 34-2-1, must be filed in the county where the property is located or where the personal representative is appointed.

There are obvious practical reasons why litigation of this type should be conducted in the county where the real property exists. The question of title is essentially one that involves evidence that can best be obtained locally. By having the trial in the county where the land is situate, the court and jury can view the area. To require the parties to bring the witnesses and documents from the local county into the Circuit Court of Kanawha County is unwarranted and a result that the Legislature intended to avoid.