358 S.E.2d 239

**Dixie Jewell VANCE**

**v.**

**W.S. RITCHIE, Jr., Commissioner, West Virginia Department of Highways.**

**No. CC964.**

Supreme Court of Appeals of
West Virginia.

June 5, 1987.

**156**

John McFerrin, Charleston, for appellant.

Joseph G. Martorella, Huntington, for appellee.

McHUGH, Justice:

This action is before this Court upon a certified question from the Circuit Court of Mingo County. This action concerns whether venue in a mandamus action against the State Commissioner of the Department of Highways to institute condemnation proceedings lies in Mingo County where the property which has allegedly been damaged by the Commissioner or his agents is situated, or in Kanawha County because the Commissioner is a state officer. This Court has before it the petition for appeal, all matters of record and briefs.

The appellant in this case is William S. Ritchie, Jr., the Commissioner of the West Virginia Department of Highways.

The appellee is Dixie Jewell Vance, a landowner in Mingo County whose property was allegedly damaged by the State Department of Highways.

**I**

The action before this Court arises from road maintenance conducted in the vicinity of the appellee's real property by the West Virginia Department of Highways. The appellee has alleged that as a result of this work, her home has been damaged.

Accordingly, the appellee filed a petition for a writ of mandamus in the Circuit Court of Mingo County, seeking to compel the appellant to condemn her property and pay her just compensation for damage done to it pursuant to *W.Va.Code*, 54–2–1 [1931].[1] The appellant contends that venue for suits against public officers lies in Ka-

nawha County pursuant to *W.Va.Code*, 14–2–2 [1976]. The circuit court judge would allow the mandamus below to proceed in Mingo County. The following question has been certified to this Court:

Is Chapter 14, Article 2, Section 2 of the Official Code of West Virginia, 1931, as amended, sufficient to give venue to the Circuit Court of Mingo County in a mandamus proceeding wherein the petitioner is requiring the Commissioner of the Department of Highways to condemn her property in light of the provisions of Article VI, Section 35 of the West Virginia Constitution?

**II**

The Commissioner of Highways relies upon *W.Va.Code*, 14–2–2(a) [1976], which reads as follows:

(a) The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county:

(1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

(2) Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the State obtained in any circuit court.

The property owner, however, relies upon *W.Va.Code*, 14–2–2(b) [1976], the text of which reads:

(b) Any proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property may be brought and presented in the circuit court of the county in which the real property affected is situate.

This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the State from suit under section 35, article VI of the Constitution of the State.

---

1. The text of *W.Va.Code*, 54–2–1 [1931] provides: "In any case in which property may lawfully be taken for a public use, application may be made by petition to the circuit court or the judge

thereof in vacation, of the county in which the estate is situated, to appoint commissioners to ascertain a just compensation...."

The Commissioner of Highways contends that the statute is clear and mandatory, and that actions and proceedings against a state officer "shall be brought and prosecuted only in the circuit court of Kanawha County," where *W.Va.Code,* 17–2A–2 [1957] requires him to reside and maintain his office headquarters. The Commissioner reasons that the amended statute, *W.Va. Code,* 14–2–2(b) [1976] does not affect the controlling venue provisions in *W.Va.Code,* 14–2–2(a)(1) [1976]. Conversely, the appellee contends that *W.Va.Code,* 14–2–2(b), as amended, places venue in Mingo County because this action involves the collection for damages to real property that was situated in that county.

Section 2(b) was first enacted by statutory amendment to *W.Va.Code,* 14–2–2 in 1974 and reads: "(b) Any proceeding for injunctive or mandamus relief involving the taking, damage or title to real property may be brought and presented in the circuit court of the county in which the real property affected is situate." 1974 *W.Va. Acts* ch. 11. The statute was again amended in 1976 to read as it does today with that amendment adding the words "or collection for or prevention of damage" to the statute before the words "to real property." 1976 *W.Va.Acts* ch. 25.

Between the 1974 and 1976 amendments, this Court construed *W.Va.Code,* 14–2–2(b), as amended, in *Phares v. Ritchie,* 159 W.Va. 156, 219 S.E.2d 698 (1975). In *Phares,* this Court concluded that in a mandamus action to require reinstitution of state maintenance of a road, venue was proper in Kanawha County primarily because the action was *not* a mandamus action to require the institution of condemnation proceedings as contemplated by *W.Va. Code,* 14–2–2(b), as amended.[2] In so holding the Court reasoned:

> It is obvious that the action in question was not for the purpose of compelling the Commissioner to institute condemnation proceedings in order for petitioners to recover for damage to their land, but rather to require the Commissioner to maintain a road. That is to say, the petitioners do not seek compensation for land taken or damaged by the State, but rather petitioners seek to require reinstitution of State maintenance of a road lest the abutting property decline in value as a result of the loss of State maintenance of the road. Such a cause of action does not fall within the contemplation of *W.Va.Code* 14–2–2(b) [1974].

159 W.Va. at 158, 219 S.E.2d at 699.

In *Phares,* this Court implicitly acknowledged that a case such as the one before us, where the appellee seeks compensation for land damaged by the State, is clearly within the contemplation of *W.Va.Code,* 14–2–2(b), as amended. Furthermore, this interpretation is consistent with the legislative intent as evidenced by the statute itself and its subsequent amendment.[3]

We have consistently held that the provisions of *W.Va.Code,* 14–2–2, as amended, are exclusive and controlling as to other general venue provisions. *Hansbarger v. Cook,* 177 W.Va. 152, 158, 351 S.E.2d 65, 71 (1986); *see Board of Education v. MacQueen,* 174 W.Va. 338, 342, 325 S.E.2d 355, 359 (1984); *Thomas v. Board of Education,* 167 W.Va. 911, 919–920, 280 S.E.2d 816, 821 (1981); *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 604, 236 S.E.2d 474, 477 (1977). However, the general venue provision relating to suits against State officials or agencies, contained in *W.Va.Code,* 14–2–2(a), must yield to the more specific amended enactment in *W.Va.Code,* 14–2–2(b). *See UMWA by Trumka v. Kingdon,* 174 W.Va. 330, 332, 325 S.E.2d 120, 121 (1984). In *Hawkins v. Bare,* 63 W.Va. 431, 436–37, 60 S.E. 391, 393 (1908), we recognized the following principle of statutory construction:

> [A] statute may deal with a number of subjects, treating them all in general

---

**2.** In this regard, see also *State ex rel. Ritchie v. Triplett,* 160 W.Va. 599, 606, 236 S.E.2d 474, 478 (1977). In *Triplett,* this Court affirmed the holding in *Phares* by applying it to a related case involving substantially the same parties, the same subject matter and the same issues.

**3.** The 1976 amendment to *W.Va.Code,* 14–2–2(b) adding the words "or collection for or prevention of damage" before the words "to real property" does not substantially alter the Court's statutory interpretation of *W.Va.Code,* 14–2–2(b) in *Phares* insofar as it applies to the case before us.

**158**

terms by making a provision common to all. If, in such case, a new statute [or statutory amendment] selects one of the several subjects and makes a complete special provision as to it, the intention to substitute that provision for the general law to that extent is equally as obvious and apparent....

*Accord UMWA by Trumka v. Kingdon, supra,* 174 W.Va. at 332, 325 S.E.2d at 122. We note that the criteria and principles applicable in the construction and interpretation of statutes apply to the construction and interpretation of statutory amendments as well. 1A N. Singer, *Sutherland Statutes and Statutory Construction* § 22.29 (Sands 4th ed. 1985).

In light of the foregoing, we cannot ignore the clear option provided in *W.Va. Code,* 14–2–2(b) [1976] by which the legislature intended to enable the aggrieved party to seek compensation for damage to his or her property in the county in which the property is situate.

■ Accordingly, we conclude that an action in mandamus to compel the State Commissioner of Highways to institute condemnation proceedings and pay a property owner just compensation for damage done to his or her real property as a result of road work conducted by the State Department of Highways or agents thereof is within the contemplation of *W.Va.Code,* 14–2–2(b) [1976] relating to "[a]ny proceeding for injunctive or mandamus relief involving the taking, title, or collection for or prevention of damage to real property" which establishes proper venue in the "circuit court of the county in which the real property affected is situate."

For the foregoing reasons, we answer the certified question in the affirmative and remand this action to the Circuit Court of Mingo County for further proceedings.

Having answered the certified question, this case is dismissed from the docket of this Court.

Certified question answered.